## THE MAREN.

(District Court, S. D. New York. April 8, 1913.)

SHIPPING (§ 86*)—LIABILITY OF VESSELS—APPLIANCES FOR DISCHARGING—CUSTOM OF PORT.

Evidence *held* not to establish a custom at the port of New York requiring a vessel to furnish planks or other material for the construction of staging for use in discharging sand ballast, but to show that in the

---

absence of special contract such appliances were customarily furnished by the contracting stevedores.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 343, 353–360; Dec. Dig. § 86.*]

In Admiralty. Suit by Amalfitano Pangrazio against the bark Maren. Decree for respondent.

Arthur B. Church, of New York City, for libelant.

Haight, Sandford & Smith, of New York City, for respondent.

HAZEL, District Judge. This is a libel to recover for personal injuries sustained by the libelant, a longshoreman in the employ of an independent contractor, on August 27, 1912. The injuries were received in falling from a staging on the deck into the hold of the Norwegian bark Maren. The liability of the vessel concededly depends (1) upon whether there existed in the port of New York a custom which made it a duty of the ship to supply stevedores with lumber necessary in the construction of staging for their use in discharging sand ballast; (2) whether the vessel failed to fulfill her duty; and (3) whether the libelant sustained injuries on account thereof.

The staging from which the libelant was precipitated into the hold of the bark extended from the hatch coamings of No. 2 hatch to the starboard side of the vessel. During its construction it was ascertained by the workmen that one of the planks to be used as a covering plank was too short to extend clear across. The witness Scala, who was in charge of the work, applied to the master of the vessel, informing him that he needed another plank to make the staging next to the hatch smooth and level. He was told by the master that the vessel carried no planks, and, upon finding a couple of boards on board, was told to get along with such boards as well as he could.

While there was testimony on behalf of the libelant tending to show that, in unloading such ballast, the vessel customarily supplied the materials for staging, yet there were many credible witnesses on behalf of the respondent by whose testimony it was proven that no such custom then existed or ever had existed in the port of New York. Evidence was given to show that, unless there was a special arrangement to the contrary, contractors loading or unloading vessels customarily furnished the appliances for staging, scaffolding, etc., necessary in the performance of their contracts. While the testimony as to the existence of a custom imposing a duty on a vessel to furnish planking is in conflict, still I am satisfied that the testimony tending to establish such a duty is outweighed by that of the respondent.

I therefore hold that there was no uniform custom obliging the vessel to comply with a request to furnish lumber or boards, and that no duty rested upon the vessel to do so. For this reason, there can be no recovery herein, and the libel is dismissed, with costs.